IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as Subrogee of Industrial Realty Group, LLC; Tower Dyersburg, LLC; and DM Dyersburg, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> OSRAM SYLVANIA, INC. and OSRAM SYLVANIA PRODUCTS, INC., <br><br> Defendant. | No. _____ <br><br> (JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff, Travelers Property Casualty Company of America, as Subrogee of Industrial Realty Group, LLC; Tower Dyersburg, LLC; and DM Dyersburg, LLC, by their attorneys and for its Complaint against defendants, Osram Sylvania, Inc. and Osram Sylvania Products, Inc., respectfully avers the following:

## THE PARTIES

1. Plaintiff, Travelers Property Casualty Company of America ("Travelers"), is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut. At all times relevant to the averments contained herein, Travelers was in the business, *inter alia,* of selling and providing business and property insurance coverage throughout the United States.

2. At all times relevant to the averments contained herein, Travelers provided business and property insurance to Industrial Realty Group, LLC ("IRG"); Tower Dyersburg, LLC ("Tower"); and DM Dyersburg, LLC ("DM Dyersburg"), against losses arising from certain hazards to real property located at 1 Bekaert Road, Dyersburg, Tennessee 38024 (the "Building"). This insurance was provided and issued under Travelers Policy No. KTJ-CMB-296T509-A-08 (the "Policy").

3. At all times relevant to the averments contained herein, Tower and DM Dyersburg owned the Building. These entities are actively managed and controlled by IRG.

4. Defendant Osram Sylvania, Inc. ("Sylvania") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Endicott Street, Danvers, Massachusetts 01923. Sylvania's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. At all times relevant to the averments contained herein, Sylvania was engaged in the business of designing, manufacturing, producing, assembling, marketing, and selling lighting products, including high intensity metal halide light bulbs, which are referred to in that industry as metal halide lamps.

5. Defendant Osram Sylvania Products, Inc. ("Sylvania Products") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Endicott Street, Danvers, Massachusetts 01923. Sylvania Products' registered agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. At all times relevant to the

averments contained herein, Sylvania Products was engaged in the business of designing, manufacturing, producing, assembling, marketing, and selling lighting products, including high intensity metal halide light bulbs, which are referred to in that industry as metal halide lamps.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the plaintiff and defendants, and plaintiff's damages, exclusive of interest and costs, are in excess of $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that defendants transact business in this district, and a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in the Western District of Tennessee, Western Division.

## BACKGROUND FACTS

8. On or about December 1, 2008, a catastrophic fire occurred at the Building.

9. The fire was caused by the explosion of a metal halide lamp designed, manufactured, produced, assembled, marketed, sold, and placed into the stream of commerce by defendants (the "lamp"). At the time of this fire, the lamp was installed in the Building with other metal halide lamps, and it was being used in the manner it was intended to be used.

10. The fire caused catastrophic and extensive structural damage to the Building and to the business personal property located in the building. In addition, at the

time of the fire, Tower and DM Dyersburg had leased space in the Building to Briggs & Stratton Corporation ("Briggs & Stratton"). As a result of the fire, Briggs & Stratton could not conduct its operations in the Building and Tower and DM Dyersburg suffered substantial loss of business rents and income. Subsequently, IRG, Tower, and DM Dyersburg filed a property insurance claim with Travelers.

11. Pursuant to the terms of the Policy, Tower, DM Dyersburg, and IRG have been or will be reimbursed by Travelers for losses they suffered as the result of the fire including, but not limited to, damage to real property, damage to business personal property, loss of rents and business income, and extra expense damages. To date, Travelers has paid its insureds $25,250,000.00.

12. To the extent of the payments made by Travelers to its insureds, Travelers is subrogated to all rights and claims its insureds have against defendants.

## COUNT 1 – STRICT LIABILITY IN TORT

13. Plaintiff reasserts the averments contained in Paragraphs 1 through 12 of this Complaint.

14. The lamp was defective and unreasonably dangerous for its ordinary and intended use, lacked necessary and adequate warnings and instructions, and was in an unreasonably dangerous and defective condition at the time it left the possession and control of defendants.

15. The lamp was used in the Building in an ordinary and intended manner and without alteration or modification by anyone up to the time of the fire.

16. As a direct and proximate result of its defective and unreasonably dangerous condition, the lamp exploded and caused the fire at the Building.

17. The fire and resulting damages described above were caused by defendants' defective and unreasonably dangerous product, and defendants are strictly liable pursuant to the Tennessee Products Liability Act and other applicable industry standards for:

    (a) designing, manufacturing, producing, assembling, distributing, marketing, selling, and otherwise placing into the stream of commerce a product in a defective and unreasonably dangerous condition;

    (b) failing to identify, eliminate, or reduce the risks and hazards associated with the intended and foreseeable uses and operation of metal halide lamps;

    (c) permitting a defective and unreasonably dangerous condition to exist in the lamp and failing adequately and properly to inspect and/or test the lamp to discover any defects contained therein; and

    (d) failing adequately and or properly to warn of the defects in the lamp when they knew or should have known of the lamp's defective and unreasonably dangerous condition.

18. As a direct and proximate result of the defective and unreasonably dangerous condition of the lamp, plaintiff suffered its previously described damages.

## COUNT II – NEGLIGENCE

19. Plaintiff resserts the averments contained in Paragraphs 1 through 18 of this Complaint.

20. Defendants owed a duty of due care in the design, manufacture, production, assembly, distribution, marketing, and sale of their metal halide lamps, including the preparation and presentation of instructions and adequate warnings for use.

21. Defendants were negligent and failed to exercise due care in the design, manufacture, production, assembly, distribution, marketing, and sale of the lamp, with the result that the ordinary, foreseeable, and intended use of the lamp created a dangerous fire hazard.

22. Defendants knew or should have known that the lamp contained an inherent risk of danger in that it had a tendency to explode, rupture, or break violently, creating a significant and appreciable fire hazard and risk of injury to persons and damage to property.

23. The negligent acts and omissions of defendants include, but are not limited to:

    (a) creating a product in an unreasonably dangerous and hazardous condition at the time of sale of the product;

    (b) allowing an unreasonably dangerous and hazardous condition to exist in their metal halide lamps;

    (c) failing properly and adequately to design, manufacture, produce, assemble, distribute, market, and sell or place into the stream of commerce a safe product that was free from defects and unreasonably dangerous conditions;

    (d) failing properly and adequately to design, manufacture, produce, assemble, distribute, market, and sell the lamp with necessary

safety devices, such as a protective shroud, which defendants knew would eliminate the risk of fire from explosion or failure;

(e) failing to design, manufacture, produce, assemble, distribute, market, and sell the lamp as a "protected" lamp, which would have prevented the lamp from being a fire hazard, and which defendants knew would eliminate the risk of fire;

(f) failing properly and adequately to warn all foreseeable users of the lamp of the significant and appreciable fire hazards associated with its proper and intended use;

(g) failing adequately, properly, and safely to inspect and/or test the lamp, which would have revealed the existence of the defective and unreasonably dangerous condition and the magnitude of the risks involved;

(h) failing properly and adequately to make necessary modifications or adjustments to the lamp so as to correct defective and unreasonably dangerous conditions that, upon reasonable inspection, would have been discovered;

(i) failing to discover the defective and unreasonably dangerous conditions in the lamp, which were readily apparent to one experienced in lamp design and manufacture;

(j) failing to require that the lamp be used in assemblies that could adequately contain any exploding, ruptured, or broken fragments;

(k) failing to exercise the requisite degree of care and caution in the design, manufacture, production, assembly, distribution, marketing, and sale of the lamp;

(l) failing to provide, establish, and follow proper and adequate quality control methods so as to provide a safe product;

(m) failing properly, adequately, and competently to supervise their personnel in the design and manufacture, production, assembly, distribution, marketing, and sale of their metal halide lamps;

(n) failing properly and adequately to warn of the significant and appreciable defects in their metal halide lamps when they knew or should have known that such lamps contained such defects and that those defects created an unreasonably dangerous condition; and

(o) otherwise failing to use due care in ways that may be disclosed during discovery.

24. As a direct, proximate, and foreseeable result of defendants' negligence and lack of due care, the fire destroyed the Building and plaintiff suffered its previously described damages.

## COUNT III – GROSS NEGLIGENCE

25. Plaintiff reasserts the averments contained in Paragraphs 1 through 24 of this Complaint.

26. Prior to the fire defendants had actual knowledge regarding the inherent risk of danger associated with the use of metal halide lamps, including the significant and appreciable risk of those lamps exploding, rupturing, or breaking violently, thereby

causing injury to persons and damage to property. In addition, prior to the fire defendants had actual knowledge of the technology, method, and manner in which metal halide lamps could be made safe from the risk of fire, including but not limited to designing and manufacturing those lamps in a "protective shroud." As such, defendants were grossly negligent in designing, manufacturing, producing, assembling, distributing, marketing, and selling the lamp prior to the fire in its defective and unreasonably dangerous condition.

27. Defendants' design, manufacture, production, assembly, distribution, marketing, and sale of the lamp was done with utter lack of concern for the safety of others, and was done with such reckless disregard for the rights of others so that their conduct constituted a conscience indifference to the foreseeable consequences caused by the lamp and other metal halide lamps.

28. As a direct, proximate, and foreseeable result of defendants' gross negligence, the fire destroyed the Building and plaintiff suffered its previously described damages.

## COUNT IV – BREACH OF WARRANTY

29. Plaintiff reasserts the averments contained in Paragraphs 1 through 28 of this Complaint.

30. Defendants breached implied warranties to plaintiff in that the lamp was designed, manufactured, produced, assembled, distributed, marketed, and sold by defendants in a defective and unreasonably dangerous condition, was unfit for the purposes for which it was intended, did not run without objections in the industry in

which it was introduced, and was not merchantable as that term is defined under Tennessee law.

31. This violation of implied warranties under the Tennessee Products Liability Act was the direct and proximate cause of the fire at issue and plaintiff's previously described damages.

WHEREFORE, plaintiff respectfully prays that it be granted judgment against defendants; that it recover reasonable and just compensatory damages as to each element of damage to which it is entitled, which includes an amount of $25,250,000.00; that it be awarded pre-judgment interest and costs; and that it recover such other and further relief as this Court may deem just and proper.

PLAINTIFFS REQUEST A TRIAL BY A JURY IN THIS ACTION.

Respectfully submitted this 19th day of February, 2010.

QUICK, WIDIS & NALIBOTSKY, PLLC

By: /s/ Hunter C. Quick
Hunter C. Quick, Esquire
Tennessee Bar No.: 010584
Albert S. Nalibotsky, Esquire
2100 Rexford Road, Suite 200
Charlotte, NC  28211
Telephone:  (704) 364-2500
Fax:  (704) 365-8734
Email:  hquick@quickwidis.com
Email:  analibotsky@quickwidis.com

BRADLEY ARANT BOULT CUMMINGS, LLP

By:   /s/ David K. Taylor w/ permission
      David K. Taylor, Esquire
      Tennessee Bar No.: 11154
      1600 Division Street, Suite 700
      P.O. Box 340025
      Nashville, TN 37203
      Telephone: (615) 244-2582
      Fax: (615) 252-6380
      Email: dtaylor@babc.com

COUNSEL FOR PLAINTIFF